IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


UNITED STATES OF AMERICA


      vs.                           Criminal Action 2:17-cr-198
                                    JUDGE GEORGE C. SMITH

JOHN J. KERIN

## REPORT AND RECOMMENDATION


    Defendant John J. Kerin was charged by complaint with violating
the gun laws of the United States. *Criminal Complaint*, ECF No. 1.
Following Defendant's arrest, the Court granted his counsel's motion
to determine Defendant's competency. *Order*, ECF No. 11 (sealed). A
psychological evaluation was thereafter performed pursuant to 18
U.S.C. §§ 4241, 4247 and the psychologist's report, in which the
examining psychologist opined that Defendant is competent, was filed.
*Psychological Evaluation*, ECF No. 13 (sealed). A competency hearing
was held on September 29, 2017, at which Defendant was present with
his counsel. At that hearing, all parties agreed with the
psychologist's conclusion and neither party offered additional
evidence or argument in connection with the issue of competency.

    Furthermore, on September 13, 2017, the United States and
Defendant entered into a plea agreement[1] whereby Defendant agreed to
enter a plea of guilty to Count 1 of the *Information*, which charges
him with being a felon in possession of a firearm, in violation of 18
U.S.C. §§ 922(g), 924.[2]  On September 29, 2017, Defendant, accompanied
by his counsel, appeared for an arraignment and entry of a guilty
plea. After first conducting the competency hearing referred to *supra*,
the undersigned concluded, by a preponderance of the evidence, that
Defendant is competent to enter a guilty plea.

---

    [1] The *Plea Agreement*, ECF No. 15, was executed pursuant to the
provisions of Fed. R. Crim. P. 11(c)(1)(C) and includes an appellate waiver
provision.
    [2] The *Information*, ECF No. 14, also contains a forfeiture count.

1

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) [Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996). Defendant also waived his right to an indictment in open court and after being advised of the nature of the charge and of his rights. *See* Fed. R. Crim P. 7(b).

During the plea proceeding, the undersigned observed the appearance and responsiveness of Defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, Defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting Defendant's plea, the undersigned addressed Defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, Defendant understands the nature and meaning of the charge in the *Information* and the consequences of the plea to that charge. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that Defendant's plea is voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on September 13, 2017, represents the only promises made by anyone regarding the charge in the *Information*. Defendant was advised that the District Judge may accept or reject the plea agreement. Defendant was further advised that, if the Court refuses to accept the plea agreement, Defendant will have the opportunity to withdraw his guilty plea but that, if he does not

withdraw his guilty plea, the District Judge may impose a sentence that is more severe than the sentence contemplated in the plea agreement.

Defendant confirmed the accuracy of the material aspects of the statement of facts supporting the charge, most of which is attached to the *Plea Agreement*.[3]  He confirmed that he is pleading guilty to Count 1 of the *Information* because he is in fact guilty of that offense. The Court concludes that there is a factual basis for the plea.

The Court concludes that Defendant's plea of guilty to Count 1 of the *Information* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

It is **RECOMMENDED** that the Court find, by a preponderance of the evidence, that Defendant has sufficient mental competency to waive his constitutional rights in entering a guilty plea, to make a reasoned choice among the alternatives presented to him, and to understand the nature and consequences of the guilty plea.

It is further **RECOMMENDED** that Defendant's guilty plea to Count 1 of the *Information* be accepted.  Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by Defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office.  Defendant will be asked to provide information; Defendant's attorney may be present if Defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file

---

[3] Defendant agreed, in addition to the facts contained in the *Statement of Facts* (PageID# 34), that the firearm was manufactured outside the State of Ohio and was transported across state lines, and that the offense occurred on May 26, 2016, as alleged in the *Information*.

and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

    The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

 

September 29, 2017                      *s/  Norah McCann King*
 Date                                    Norah M$^{c}$Cann King
                                      United States Magistrate Judge